[672 NYS2d 885]

In the Matter of LLOYD M. BLEECKER (Admitted as LLOYD MITCHELL BLEECKER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 1998

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Sharon M.J. Commissiong* of counsel), for petitioner.

*Kase & Drucker,* Garden City (*John Lawrence Kase* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition, dated December

20, 1996, which contained two charges of professional misconduct against him. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in opposition seeking to disaffirm the report.

Charge One alleged that the respondent allowed his client, David DeRosa, a nonlawyer, repeated access to the respondent's Citibank escrow account through which DeRosa converted approximately $35,000 belonging to four individuals, including the complainant Peter Kulbokas, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent was retained in or about April 1992 by DeRosa, the President of Equitech Resources, Inc., to handle general commercial litigation, including landlord/tenant matters. The respondent represented DeRosa and Equitech from April 1992 through late 1993.

On or about June 28, 1993, Peter Kulbokas entrusted to DeRosa a $10,000 check, which was made payable to the respondent at DeRosa's request, as part of a purported joint effort to purchase a primary mortgage at discount. In addition, DeRosa received $25,000 from three other individuals for the same purpose. All three individuals made their checks payable to the respondent at DeRosa's request. DeRosa was to purchase the mortgage and provide the investors with documentation. He advised them that the respondent would serve as attorney on the purchase and would hold the money in escrow pending the purchase.

Prior to June 28, 1993, the respondent permitted DeRosa access to his escrow account number and granted him permission to make deposits. On or about June 28, 1993, DeRosa deposited $35,000 into the respondent's escrow account and informed the respondent that that sum resulted from DeRosa's sale of his interest in a first mortgage to four individuals, one of whom was the complainant Kulbokas. Subsequent to that deposit, DeRosa informed the respondent that he had requested that the four individuals referred to above make their checks payable to the respondent to allow for deposit into the respondent's escrow account for use as DeRosa directed. At no time prior to the subject deposit did the respondent inquire of or confirm with the four individuals the purpose of making their checks payable to the respondent. Nor did the respondent, at any time, either seek confirmation from DeRosa that the aforementioned

sale had, in fact, occurred, or communicate with the individuals who had contributed the $35,000 sum in the form of checks made payable to the respondent.

The respondent disbursed the $35,000 in accordance with undated written instructions from DeRosa. The disbursements included a $15,000 payment to the respondent for legal fees pertaining to unrelated matters.

During his deposition on August 8, 1995, the respondent admitted permitting DeRosa access to his Citibank escrow account. On January 30, 1995, DeRosa was sentenced to a term of incarceration of 2¹/₃ to 7 years resulting from a plea of guilty to grand larceny in the third degree for collecting money from several investors, including $10,000 from Kulbokas, for investment in mortgage buyouts, failing to purchase them, and informing investors that he had made those purchases.

Charge Two alleged that the respondent permitted his client, David DeRosa, a nonlawyer, repeated access to his Citibank escrow account through which DeRosa converted approximately $5,000 belonging to the complainant Joseph LaRosa, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

On or about August 5, 1993, Joseph LaRosa entrusted a check in the sum of $5,000 to David DeRosa, payable to the respondent, for investment in a purported mortgage buyout plan designed to generate a profit within 90 days. At DeRosa's request, LaRosa made his $5,000 check payable to the respondent as DeRosa's attorney. DeRosa advised LaRosa that the respondent would serve as the attorney on the mortgage buyout and that the funds referred to were to be placed in the respondent's Citibank escrow account before being used to purchase the mortgage.

Shortly after receiving the subject check, DeRosa deposited it into the respondent's Citibank escrow account and informed the respondent that the funds deposited resulted from DeRosa's sale of his own interest in a first mortgage to LaRosa. Subsequent to the deposit, DeRosa also informed the respondent that he had requested that LaRosa make his check payable to the respondent in order that the check could be deposited into the respondent's escrow account for use as DeRosa directed. At no time prior to or subsequent to the deposit did the respondent communicate with either DeRosa or LaRosa regarding the purpose for which the subject check was made payable to the respondent. Nor did the respondent ever seek confirmation from DeRosa that the sale had in fact occurred.

Pursuant to written instructions from DeRosa, the respondent issued checks dated August 19, 1993 and August 20, 1993 to two individuals, in the amounts of $1,500 and $3,500, neither of whom was LaRosa. The respondent's first contact with LaRosa was in or about March or April 1994, eight months after LaRosa's check was deposited into the respondent's Citibank escrow account.

Based on the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report should be granted.

Notwithstanding the respondent's contentions that his conduct was consistent with his ethical obligations and that the proceedings violated his right to due process, as an attorney practicing law for more than 28 years, the respondent should have been aware of the singular responsibility which he bears for his escrow account and the need to vigilantly safeguard that account from impropriety and any appearance thereof. Under the circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lloyd M. Bleecker, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Lloyd M. Bleecker shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, Lloyd M. Bleecker is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.